UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
IN RE: PURSUIT HOLDINGS (NY) LLC        :
                                        :
                    Debtor,             :
                                        :      22cv4473 (DLC)
--------------------------------------- :
MICHAEL HAYDEN SANFORD,                 :      MEMORANDUM OPINION
                                        :          AND ORDER
                    Appellant,          :
                                        :
          -v-                           :
                                        :
DEBORAH J. PIAZZA, NORMA KNOPF, and     :
DELPHI CAPITAL MANAGEMENT, LLC,         :
                                        :
                    Appellees.          :
                                        :
------------------------------------- X

DENISE COTE, District Judge:

On May 31, 2022, the appellant in this case filed a notice of appeal from a May 12, 2022 Order of the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York. In re Pursuit Holdings (NY), LLC, No. 18-BR-12738 (MG) (S.D.N.Y. Bankr. May 12, 2022). The appeal was reassigned to this Court on June 14, 2022. On June 16, the appellant was ordered to file by June 29 his opening brief in the appeal. On June 17, the Court granted the appellant's request for an extension and allowed him to file his brief on July 7.

On July 7, the appellant did not file his opening brief. Instead, the parties stipulated to a further extension of the briefing schedule, under which the appellant agreed to file his

brief by July 25. In this stipulation, the appellant also agreed that the stipulation would serve as "his final extension of time to submit papers." Nonetheless, on July 25, the appellant failed to file his brief.

Accordingly, on August 8, the Court ordered the appellant to show cause why the appeal should not be dismissed for a failure to prosecute and informed the appellant that the appeal would be dismissed if nothing was filed on or before August 15. On August 15, the appellant filed a declaration explaining that circumstances out of his control had prevented him from filing the brief on time. In this declaration, the appellant assured the Court that he was drafting the brief, which he would "promptly file."

Given these representations, the Court issued an Order on August 17 directing the appellant to file his brief by September 16 -- almost eighty days later than the original deadline and over fifty days later than the date that the appellant agreed would be his "final extension" of that deadline. In this Order, the Court indicated that "there shall be no further extension of the September 16 deadline for the opening brief" and noted that "[t]he appeal will be dismissed if the appellant's opening brief is not filed on or before September 16, 2022." Again, the appellant failed to file his opening brief on September 16.

2

Under the Federal Rules of Bankruptcy Procedure, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). "[A] court should exercise its discretion given the factual circumstances of a particular case" when determining whether to dismiss an appeal under this rule. In re Harris, 464 F.3d 263, 272 (2d Cir. 2006). A court "should endeavor to explain why it is in the interest of justice to all parties, including secured and unsecured creditors, to dismiss a bankruptcy appeal on procedural grounds" and should "consider whether a lesser sanction would be appropriate." Id. "Courts should also take into consideration whether counsel's behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." Id. Finally, "district courts will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." Id. (citation omitted).

Dismissal of this appeal is warranted under the circumstances of this case. The appellant was granted multiple

3

opportunities to rectify his failure to file his brief and was warned twice about the consequences of continuing not to file the brief. The appellant's repeated failures to meet deadlines evince a pattern of prolonging the appeal rather than an isolated instance of delay. Indeed, this same appellant attempted to delay resolution of a related bankruptcy appeal before this Court in a strikingly similar manner. See In re Pursuit Holding (NY), LLC, Nos. 19cv2740 & 19cv2773, 2019 WL 2471762, at *1 (S.D.N.Y. June 13, 2019) (describing the Court's extension of the deadline to file an opening brief and the appellant's failure to file a brief or request a further extension by the extended deadline). Further delay of the appeal will prejudice the appellees' interests including by indefinitely prolonging the ultimate resolution of the bankruptcy proceedings. Finally, given the appellant's repeated failures to adhere to the briefing schedule, other sanctions are inappropriate. Accordingly, it is hereby

ORDERED that the appeal is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S.

4

438, 444-45 (1962).

Dated:     New York, New York
           September 26, 2022

                              _____
                                     DENISE COTE
                              United States District Judge